**James M. FARRELL,**
**Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, M.D.,\* Secretary**
**of Health and Human Services,**
**Defendant–Appellee.**

No. 88–2371.

United States Court of Appeals,
Seventh Circuit.

Argued April 13, 1989.

Decided June 27, 1989.

---

\* This appeal originally was filed against Otis R. Bowen, M.D. Pursuant to Fed.R.App.P. 43(c)(1), we have substituted his successor as appellee in this proceeding.

James M. D'Amico, LaGrange Park, Ill., for plaintiff-appellant.

David J. Stetler, Chief, Crim. Receiving & Appellate Div., Asst. U.S. Atty., Anton R. Valukas, U.S. Atty., Nancy K. Needles, John S. Brennan, Asst. U.S. Attys., Gary A. Sultz, Dept. of Health and Human Services, and Donald T. MacDougall, Chicago, Ill., for defendant-appellee.

Before WOOD, Jr., COFFEY and MANION, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

Plaintiff–Appellant James M. Farrell ("Farrell") appeals from the district court's entry of summary judgment in favor of the Secretary of Health and Human Services ("Secretary"). The district court, after referring the matter to a magistrate, upheld the Secretary's decision to deny disabled widower benefits to Farrell under Title II of the Social Security Act, 42 U.S.C. § 402(f) ("Act"). The district court determined that the Secretary's finding that Farrell is not disabled was supported by substantial evidence.

In this appeal, Farrell argues that the Administrative Law Judge ("ALJ") who conducted his administrative hearing was predisposed to deny Farrell benefits because of a mistaken interpretation of the law. Farrell also claims that the Secretary's decision was not supported by substantial evidence and he contends that he was denied due process in the administrative proceedings. The district court had jurisdiction over this case pursuant to 42 U.S.C. § 405(g). We review this decision under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).

## I. FACTUAL BACKGROUND

Farrell was born on October 1, 1928, which made him 58 years old at the time of the ALJ's decision. He married Mary Farrell in 1958. Mary died in 1979 and Farrell remarried in 1985. Farrell applied for widower's disability benefits on August 5, 1985, claiming that he had become disabled in 1984. Farrell had been a drywall contractor and a general contractor, supervising a number of workers, but Farrell has not worked since September 1, 1984. Farrell claimed he had become disabled due to a spinal disorder.

Farrell was admitted to the hospital in November of 1984, complaining of severe back pain, numbness on his right side, and difficulty walking. Farrell was placed in traction, given medication, and fitted with a brace for foot drop in his right foot. After examination by a neurosurgeon, Farrell underwent surgery for removal of a disc protrusion and decompression of the nerve root. Farrell's recovery was described as uneventful by the neurosurgeon. Farrell was later examined by other neurosurgeons for various symptoms. At his administrative hearing, Farrell claimed he suffered from foot drop, spasms in his right leg and foot, and pain in his lower back and left leg. He noted that he used a brace to control the foot drop. Farrell stated that the spasms usually troubled him at night while the pain in his back and left leg "comes and goes." Farrell claimed he could not walk farther than a half block without experiencing pain and he noted that he was unable to stand or sit more than a half hour at a time without experiencing pain. He claimed to have difficulty lifting more than ten pounds and he described how he rarely went out of the house during the week.

Farrell's application for widower's disability benefits was denied by the Social Security Administration. Farrell and his attorney then appeared before the ALJ,

who denied benefits to Farrell. The ALJ found that Farrell was not disabled within the meaning of the widower's benefit provisions. The Social Security Appeals Council refused to review the ALJ's decision, which made that decision the final decision of the Secretary. Farrell then filed this action. Both parties filed motions for summary judgment in the district court. The matter was referred to a magistrate, who recommended that the Secretary's motion for summary judgment be granted. The district court granted the Secretary's motion on May 18, 1988, and this appeal followed.

## II. DISCUSSION

Under the Social Security Act, a widower will not be considered disabled unless his impairments "are of a level of severity which under regulations prescribed by the Secretary is deemed to be sufficient to preclude an individual from engaging in any gainful activity." 42 U.S.C. § 423(d)(2)(B). This standard is higher than the standard for disabled wage earners, since Congress excluded consideration of age, education, work experience, and other vocational factors, focusing on medical evidence of severe impairment. S.Rep. No. 744, 90th Cong., 1st Sess., *reprinted in* 1967 U.S.Code Cong. & Admin.News 2834, 2883. *See Willeford v. Secretary of Health and Human Services,* 824 F.2d 771, 773 (9th Cir.1987); *Cook v. Heckler,* 783 F.2d 1168, 1170 (4th Cir.1986). Under the regulations promulgated by the Secretary, a widower is disabled only if his medical findings meet the standards described in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, or are medically equivalent in severity to a listed impairment. *See* 20 C.F.R. § 404.1578(a)(1) (1988). Farrell claims that his impairments meet or are equivalent to the impairments set forth in section 1.05(C) and section 11.-08 of the Listing of Impairments.

The standard of review to be applied in this case is clear: "the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In this case, the find-

ings of the ALJ have been adopted by the Secretary and we must uphold these findings if we determine that they are supported by "substantial evidence on the record as a whole." *Smith v. Schweiker,* 735 F.2d 267, 270 (7th Cir.1987). It is not this court's responsibility to reweigh the evidence presented to the ALJ. *Walker v. Bowen,* 834 F.2d 635, 640 (7th Cir.1987). We do not ask whether Mr. Farrell is disabled—our task is to determine whether substantial evidence exists to support the ALJ's finding of non-disability. *Id.*

■ Farrell first challenges the finding of non-disability by arguing that the ALJ was predisposed against Farrell by a mistaken understanding of the applicable law. Farrell notes that at the beginning of his hearing, the ALJ commented that a widower who remarries generally is not entitled to disabled widower's benefits. 42 U.S.C. § 402(f)(1)(A). However, the Act also provides that if a widower remarries after reaching age 60, or after reaching age 50 if he was entitled to disability benefits prior to his remarriage, for purposes of the Act the marriage will be deemed not to have occurred. 42 U.S.C. § 402(f)(4)(A)–(B). Farrell claims to have been disabled since September of 1984, while his remarriage took place in November of 1985.

Farrell's contention that the ALJ exhibited predisposition or bias is without merit. There is no evidence that the ALJ's misstatement of the law predisposed him against Farrell. The ALJ corrected his error promptly and acknowledged in his final decision that Farrell was unmarried for purposes of determining whether benefits should be awarded. The ALJ's finding that Farrell was not disabled was not affected by Farrell's marital status and Farrell presents no other evidence of bias.

■ Farrell next claims that he was denied due process and equal protection by the Secretary. Farrell basically argues that the ALJ misapplied the regulations and failed to determine whether Farrell's disability was equivalent to those found in

the Listing of Impairments.[1] Farrell states that these alleged actions added up to a denial of due process and equal protection. We find no evidence supporting these contentions. The ALJ clearly articulated his application of the regulations. We can find no instance in the record where the ALJ failed to evaluate Farrell correctly under the regulations. Also, the ALJ specifically addressed the issue of medical equivalence, finding that Farrell's impairments were not medically equivalent to listed impairments.

 Farrell raises a more plausible issue when he challenges the Secretary's decision under the substantial evidence standard. However, we agree with the district court that there was substantial evidence on the record supporting the Secretary's denial of widower's disability benefits. Farrell's impairments do not reach the level of severity required by the Secretary under the regulations, as defined in the Listing of Impairments.[2]

 The ALJ correctly determined that Farrell did not meet the criteria in listing Section 1.05(C) nor did he meet the criteria in any other section. Section 1.05 deals with disorders of the spine. Section 1.05(C) is as follows:

> Other vertebrogenic disorders (e.g., herniated nucleus puplosus, spinal stenosis) with the following persisting for at least 3 months despite prescribed therapy and expected to last 12 months. With both 1 and 2:
>
> 1. Pain, muscle spasm, and significant limitation of motion in the spine; and
>
> 2. Appropriate radicular distribution of significant motor loss with mus-

cle weakness and sensory and reflex loss.

Section 1.00(B) also states that "these physical examination findings must be determined on the basis of objective observations during the examination and not simply a report of the individual's allegation."

The district court found that there was substantial evidence on the record supporting the ALJ's determination that Farrell did not meet the requirements of 1.05(C) and we agree with that conclusion. There is little evidence in the record to indicate that Farrell suffered from muscle spasms or significantly limited motion in the spine. The magistrate, in her report to the district judge, noted that one of Farrell's examining physicians, Dr. Jones, found no muscle spasms in the spine and found that Farrell had a "good range of motion in his back." Farrell points out that Dr. Gorecki and Dr. Zasadny, two physicians who examined him, noted some decrease in his range of back motion. However, neither physician articulated the degree of the motion limitation. Section 1.00(B) requires that "limitation of movement of the spine [be] given quantitatively in degrees from the vertical position...." Farrell's testimony alone is not sufficient to establish the proper level of impairment, since it is not an objective observation. The ALJ also determined that Dr. Zasadny's observations were mere recitations of Farrell's complaints, not the objective observations required by the Listings. The ALJ can weigh evidence and make judgments as to what evidence is most persuasive. *Stephens v. Heckler,* 766 F.2d 284, 287–88 (7th Cir.1985). The ALJ must explain the rea-

---

**1.** Farrell also attempts to challenge the accuracy of the Listing of Impairments. However, Farrell fails to support his challenge with case law or evidence, and we find no merit in the argument.

**2.** At oral argument, Farrell raised a new argument concerning the use of the Listing of Impairments. Farrell brought the case of *Marcus v. Bowen,* 696 F.Supp. 364 (N.D.Ill.1988) to our attention. *Marcus* is a class action suit involving widow, widower, and child disability under the Act. The court in *Marcus* held that the Secretary could not deny spousal benefits on the ground that impairments did not meet or equal

the Listings' standards. *Marcus,* 696 F.Supp. at 379. The court found that the Listings could not be used as a basis for denying benefits. *Marcus,* 696 F.Supp. at 373.

Farrell is a member of the plaintiff class in *Marcus.* However, that decision has no bearing on the disposition of this case. There was substantial evidence on the record to support a finding of non-disability by the Secretary—with or without reference to the Listings. The issue of the validity of the Listings was not briefed or argued before this court and we express no opinion on that issue.

**990**

soning behind the weight given to evidence. *Zalewski v. Heckler,* 760 F.2d 160, 166 (7th Cir.1985). Here, the ALJ properly gave greater weight to the findings of Dr. Jones, and although there may be some evidence indicating a decrease in Farrell's range of motion, there is substantial evidence in the record supporting the ALJ's conclusion that Farrell's condition did not meet the criteria set out in Section 1.05(C). There is also substantial evidence supporting the ALJ's finding that Farrell did not have "appropriate radicular distribution of significant motor loss" as required by Section 1.05(C). The ALJ's conclusion was based on Dr. Jones' findings that Farrell had normal motor function in the left lower extremity, a foot drop in the right foot that was maintained in a normal position by a brace, and only mild atrophy of the right lower extremity.

■ Farrell also claims that he meets the requirements for Section 11.08, which describes "spinal cord or nerve root lesions due to any cause with disorganization of motor function as described in 11.04B." Section 11.04(B) requires "significant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station." The ALJ noted that while Farrell does have foot drop in his right foot, that condition is substantially controlled by a brace and he found that there was no evidence of significant motor function problems in his left lower extremity.

■ Farrell also objects to the ALJ's finding that his impairments were not equivalent to any listing. The ALJ made this determination, as articulated in 20 C.F.R. § 404.1526, by examining the evidence of Farrell's impairments. He concluded that the evidence was insufficient to establish equivalency. Two physicians stated that Farrell's condition was not equivalent to any listing. Farrell argues that these examinations did not satisfy the requirement laid down in Social Security Ruling 83–19 that a physician designated by the Secretary must consider the equivalency question. Here, two physicians filled out and signed Form SSA–831–U5 in accordance with normal procedures, stating that Farrell's condition was not equivalent to any listing and this was sufficient to satisfy the need for an expert physician as stated in Ruling 83–19. *See Fox v. Heckler,* 776 F.2d 738, 742 (7th Cir.1985). The ALJ made the required specific determination that Farrell did not have an impairment or combination of impairments that equaled the severity of impairments in the Listing of Impairments, *see Waite v. Bowen,* 819 F.2d 1356, 1359 (7th Cir.1987), and there is substantial evidence supporting that conclusion.

■ Finally, Farrell asserts that since there is enough evidence in the record to establish his disability, we should reverse the determination of non-disability. Farrell notes that the district judge stated that "this is a close case" and "it could have gone either way," and he claims that if there is sufficient probative evidence in the record to establish disability, we should reverse the entry of summary judgment. However, we do not review this case under such a standard. The substantial evidence standard asks only whether substantial evidence exists to support the conclusion made below. *Fox v. Heckler,* 776 F.2d 738, 742 (7th Cir.1985). Even if this case "could have gone either way," neither this court nor the district court has the authority to reweigh the evidence presented below. *Walker v. Bowen,* 834 F.2d 635, 640 (7th Cir.1987). While reasonable minds may differ about the results flowing from evidence presented to the Secretary, the Secretary is given the authority to weigh the evidence and make a proper determination and we will uphold such a determination if substantial evidence supporting it exists. *Id.*

### III. CONCLUSION

There was substantial evidence on the record supporting the Secretary's determination that Farrell was not disabled and the district court's entry of summary judgment in favor of the Secretary is AFFIRMED.