**James STUCKEY, Plaintiff–Appellant,**

**v.**

**Louis W. SULLIVAN, M.D.,\* Secretary of Health and Human Services, Defendant–Appellee.**

No. 88–2954.

United States Court of Appeals, Seventh Circuit.

Argued June 5, 1989.

Decided Aug. 9, 1989.

Daniel Galatzer, Chicago, Ill., for plaintiff-appellant.

Barbara M. King, Dept. of Health and Human Services, Eileen M. Marutzky, Asst. U.S. Atty., Chicago, Ill., for defendant-appellee.

Before CUMMINGS, WOOD, Jr., and RIPPLE, Circuit Judges.

---

\* This appeal originally was filed against Otis R. Bowen, M.D. Pursuant to Fed.R.App.P. 43(c)(1), we have substituted his successor as appellee in this proceeding.

HARLINGTON WOOD, Jr., Circuit Judge.

Plaintiff-appellant James D. Stuckey ("Stuckey") appeals from the district court's entry of summary judgment in favor of the Secretary of Health and Human Services ("Secretary"). The district court upheld the Secretary's decision that Stuckey was ineligible for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423 ("Act"), finding that the Secretary's determination that Stuckey was not disabled within the meaning of 42 U.S.C. § 1382(a)(3)(A) was supported by substantial evidence. Stuckey challenges that finding in this appeal. The district court had jurisdiction over this case pursuant to 42 U.S.C. § 405(g). We review this decision under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).

## I. FACTUAL BACKGROUND

Stuckey was born on August 8, 1944. He received an eighth-grade education and last worked in a warehouse, where he drove a forklift and did some heavy lifting. Stuckey claims that he has been disabled since March 28, 1984 and that he is unable to return to his warehouse job. Stuckey applied for disability benefits, asserting disabilities stemming from a number of impairments including asthma, cirrhosis of the liver, bad kidneys, hearing loss, heart trouble, knee pains, and high blood pressure. Stuckey's application for disability benefits was denied by the Social Security Administration and he asked for a hearing on that denial.

At his administrative hearing in April 1987, Stuckey elaborated on these claimed disabilities. He claimed that he could walk four blocks, sit from one to two hours, and stand for up to thirty minutes, but he stated that he was unable to climb stairs. Stuckey used asthma spray four to five times a day and visited the hospital emergency room for an asthma attack a few days prior to the administrative hearing. Stuckey claimed that perfumes, smoke, temperature changes, and even the heat from a kitchen stove caused him to start coughing.

Dr. Casey, the medical advisor, also testified at the administrative hearing. Dr. Casey stated that Stuckey's infirmities did not meet the requirements laid down in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. Specifically, Dr. Casey testified that Stuckey did not meet the pulmonary listings. Dr. Casey also indicated that with respect to Stuckey's claimed knee pains, he could find no abnormality to explain the pain and he stated that Stuckey had tested normally on the treadmill test, discounting Stuckey's claim of chest pains. Dr. Casey also was of the opinion that Stuckey did not meet the severity requirements of the asthma listing. A vocational expert, Meyer Klein, testified that while Stuckey was unable to return to his former job, he could find substantial gainful employment in other positions connected with the warehouse, such as a supply clerk or order filler, that would not involve contact with dust, fumes, and gases.

The ALJ determined that Stuckey did not meet the requirements under the Listing of Impairments for pulmonary disability due to the absence of a pulmonary function study test. According to the ALJ, there was no support for most of Stuckey's medical assertions. Physical examinations showed a full range of motion and a normal gait, leading the ALJ to conclude that Stuckey would still be able to walk and stand from six to eight hours a day, use his hands extensively, and lift up to twenty pounds. The ALJ also found that Stuckey could still perform light work. Although his choice of employment would be constrained by the need to avoid excessive dust and fumes, the ALJ considered Stuckey's work experience, education, and functional capacity in determining that Stuckey was not disabled.

The Social Security Appeals Council refused to review the ALJ's decision, making that decision the final decision of the Secretary. Stuckey then filed this action in the United States District Court for the Northern District of Illinois. Both parties filed motions for summary judgment in district court. The court denied Stuckey's motion

and granted the Secretary's motion on September 27, 1988; this appeal followed.

## II. DISCUSSION

Under the Social Security Act, claimants are entitled to disability insurance benefits if they are under age 65, file an application, are disabled, and are insured. 42 U.S.C. § 423(a). The Act defines "disabled" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A person will be found to be disabled

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).

The Secretary engages in a five-step process to determine whether a claimant is disabled within the meaning of the Act. *See Steward v. Bowen,* 858 F.2d 1295, 1297 (7th Cir.1988). First, if the claimant is currently employed, he will be found not disabled. If the claimant is not working, the Secretary then examines medical evidence to determine whether the claimant has a severe impairment as defined in 20 C.F.R. § 404.1521(b) and 20 C.F.R. § 416.921. If there is no severe impairment, the Secretary will find the claimant not disabled. If there is a severe impairment, the Secretary then measures the impairment against the requirements in the Listing of Impairments. If the claimant has a listed impairment, disability will be found. If the claimant does not have a listed impairment, the Secretary then determines whether the claimant can perform his past work. If yes, then there is no disability. If no, the Secretary considers the claimant's age, work history, and education to find out whether he can do any other work. If he cannot perform other work, disability will be found. If, however, other work is available, the claimant will be found not disabled.

The Act itself gives us the standard of review to be applied in this case: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The ALJ's finding that Stuckey was not disabled must be upheld if it is supported by substantial evidence on the record. *Farrell v. Sullivan,* 878 F.2d 985, 988 (7th Cir.1989). We will not reweigh the evidence presented at the administrative hearing, *Walker v. Bowen,* 834 F.2d 635, 640 (7th Cir.1987), and we will not determine whether Stuckey was actually disabled. *Farrell,* at 988; *Walker,* 834 F.2d at 640; *Fox v. Heckler,* 776 F.2d 738, 742 (7th Cir.1985). Absent an error of law by the Secretary, we must affirm if substantial evidence is present. *Steward,* 858 F.2d at 1297; *Garfield v. Schweiker,* 732 F.2d 605, 607 (7th Cir.1984).

 Stuckey first claims that his combined impairments render him disabled within the meaning of the Act. To establish physical or mental impairments, a claimant must present actual medical evidence of symptoms, laboratory findings, and other information. A claimant's statement of symptoms is not sufficient to establish the existence of an impairment; some objective evidence should be present. 20 C.F.R. §§ 404.1508, 404.1528; *see Veal v. Bowen,* 833 F.2d 693, 698 (7th Cir.1987); *Farrell,* at 989–90.

The ALJ found, and the district court affirmed, that Stuckey's combined impairments did not make him disabled and there is substantial evidence in the record to support that conclusion. The medical evidence contained in the record did not support Stuckey's claims and the Secretary properly concluded that Stuckey was not disabled by the conditions he asserted. His knee pains were not supported by radiographic

evidence or any other manifestations and his assertion of pain is not sufficient to create disability. *See Arbogast v. Bowen,* 860 F.2d 1400, 1404 n. 5 (7th Cir.1988) (some medical evidence needed to support subjective statements). Even if Stuckey did experience some discomfort, this alone does not establish disability. *See Brown v. Bowen,* 801 F.2d 361, 362 (10th Cir.1986) ("disability requires more than mere inability to work without pain"). The Secretary's conclusion that Stuckey did not suffer from osteoarthritis was supported by substantial evidence.

The Secretary also concluded that Stuckey's asthma did not make him disabled and substantial evidence supports this determination. There was evidence that Stuckey's pulmonary condition did not approach the level of severity required by the Listings. While Dr. Casey did testify that there was a basis in the record for Stuckey's reported asthma symptoms, he did not testify that those symptoms were severe enough to meet the Listings. Stuckey's own testimony established that by using an inhaler, he could substantially control his asthma troubles.

Substantial evidence also existed for the ALJ's determinations on Stuckey's hypertension, chest pains, and cirrhosis claims. The medical evidence on Stuckey's high blood pressure did not conclusively establish disability for light work. Treadmill tests done on Stuckey in response to his complaints of chest pain yielded normal results and his symptoms did not clearly manifest heart disease. While Stuckey did have a liver biopsy in 1979 that indicated changes consistent with alcoholic hepatitis, that alone did not establish disability.

Stuckey also argues that the ALJ's conclusion that he was still able to perform light work was not supported. Stuckey points to his testimony concerning his ability to walk only four blocks, stand thirty minutes, and sit two hours. Comparing that with the ALJ's determinations on his ability, Stuckey asserts that the ALJ's conclusion was not based on substantial evidence. Stuckey asks us to determine that

because of an inability to stand or walk for long periods, he cannot perform light work.

The ALJ is allowed to weigh and consider evidence and make credibility judgments about evidence, *Farrell,* at 989–90, *Stephens v. Heckler,* 766 F.2d 284, 287–88 (7th Cir.1985). The ALJ's credibility determinations concerning lay witnesses must be given great deference by this court. *Bibbs v. Secretary of Health, Educ. and Welfare,* 626 F.2d 526, 528 (7th Cir.1980). Such a credibility finding will not be overturned absent a finding that the determination was "patently wrong in view of the cold record before us." *Imani v. Heckler,* 797 F.2d 508, 512 (7th Cir.), *cert. denied,* 479 U.S. 988, 107 S.Ct. 580, 93 L.Ed.2d 583 (1986). Here, there was little medical evidence to support Stuckey's statements and the ALJ's conclusion that Stuckey's assertions were not credible will not be disturbed.

We apply the same reasoning to Stuckey's argument concerning Dr. Casey's testimony. Dr. Casey apparently agreed with Stuckey's assertions concerning his functional limitations and Stuckey claims that the ALJ incorrectly discounted this testimony. Here, Dr. Casey's testimony was not consistent with other objective medical evidence that minimized Stuckey's functional limits and the testimony also failed to comport with the reports of examining physicians, who also found Stuckey's impairments created minimal functional limitations. The ALJ has the authority to assess the medical evidence and give more weight to evidence he finds more credible. *Farrell,* at 989–90 (Secretary allowed to determine what evidence is most persuasive); *Strunk v. Heckler,* 732 F.2d 1357, 1364 (7th Cir.1984) ("it is the Secretary, not the courts, who must resolve conflicts in the medical evidence"). We will not disturb the ALJ's decision to discount Dr. Casey's testimony and give more weight to other medical evidence.

The testimony of the vocational expert also provides evidence supporting the ALJ's determination that Stuckey could perform light work. The vocational expert testified that Stuckey would be capable of

performing a number of light work jobs where temperatures and conditions tended to remain constant, sparing him from irritants. The ALJ also found support for his determination in the Medical–Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2. Using the table for light work and factoring in Stuckey's age, education, and residual functional capacity, the ALJ found that the Grid indicated that Stuckey was not disabled. The ALJ properly determined that Stuckey could perform other jobs in the national economy. *Steward*, 858 F.2d at 1297 n. 2.

## III. CONCLUSION

There was substantial evidence on the record supporting the Secretary's determination that Stuckey was not disabled and the district court's entry of summary judgment in favor of the Secretary is AFFIRMED.