Charles G. WEST, Plaintiff,

v.

Otis BOWEN, Secretary of Health and Human Services, Defendant.

Civ. No. H 87–32.

United States District Court,
N.D. Indiana,
Hammond Division.

Aug. 31, 1989.

**76**

Charles Marlowe, Hammond, Ind., for plaintiff.

Gwenn Rinkenberger, U.S. Attorney's Office, Hammond, Ind., for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

Charles G. West (the "Claimant") appeals from the final decision of the Secretary of Health and Human Services (the "Secretary") denying his applications for disability insurance benefits pursuant to Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 416(i), 423; and for supplemental security income pursuant to Title XVI of the Act, 42 U.S.C. § 1381 *et seq.* Jurisdiction over Claimant's petition for judicial review is conferred on this court by 42 U.S.C. §§ 405(g), 1383(c)(3).

## I.

On May 31, 1985, Claimant filed applications with the Secretary for disability insurance benefits and supplemental security income (R. 133–36, 137–46). The Secretary denied his applications initially (R. 147, 148–49) and on reconsideration (R. 153–54, 151–152). Claimant then requested a hear-

ing, which was held before an administrative law judge ("ALJ") on February 5, 1986. In a decision issued June 26, 1986, the ALJ found Claimant not disabled and thus not entitled to benefits under either Title II or Title XVI of the Act (R. 10–28). That decision became the final decision of the Secretary on November 20, 1986, when the Appeals Council denied Claimant's timely request for review (R. 5–6). Claimant appeals that determination. The court considers the matter on cross-motions for summary judgment, each supported by a memorandum.

## II.

The Act itself provides the standard of review to be applied in this case: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The ALJ's finding that Claimant was not disabled must be upheld if it is supported by substantial evidence. *Farrell v. Sullivan,* 878 F.2d 985, 988 (7th Cir.1989). This court will not reweigh the evidence presented at the administrative hearing, *Walker v. Bowen,* 834 F.2d 635, 640 (7th Cir.1987), nor will it determine whether Claimant actually was disabled. *Farrell,* 878 F.2d at 988; *Walker,* 834 F.2d at 640; *Fox v. Heckler,* 776 F.2d 738, 742 (7th Cir.1985). Absent an error of law by the Secretary, this court must affirm his decision if there is substantial evidence to support it. *Steward v. Bowen,* 858 F.2d 1295, 1297 (7th Cir.1988); *Garfield v. Schweiker,* 732 F.2d 605, 607 (7th Cir.1984). Substantial evidence is that quantum of relevant evidence which "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

Claimant must be "disabled" in order to qualify for the benefits he requests. The Act defines "disabled" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Pursuant to statutory authority, 42 U.S.C. §§ 423(d)(4), 1382c(a)(3)(D), the Secretary has promulgated regulations for determining whether an individual is disabled. 20 C.F.R. §§ 404.1520(a)–(f), 416.960(a)–(f). The Secretary employs a five-step process to determine whether Claimant is disabled within the meaning of the Act. *Steward,* 858 F.2d at 1297. The Seventh Circuit has described this sequential inquiry as follows:

> First, if the claimant is currently employed, he will be found not disabled. [Second, i]f the claimant is not working, the Secretary then examines medical evidence to determine whether the claimant has a severe impairment as defined in 20 C.F.R. § 404.1521(b) and 20 C.F.R. § 416.921. If there is no severe impairment, the Secretary will find the claimant not disabled. [Third, i]f there is a severe impairment, the Secretary then measures the impairment against the requirements in the Listing of Impairments. If the claimant has a listed impairment, disability will be found. [Fourth, i]f the claimant does not have a listed impairment, the Secretary then determines whether the claimant can perform his past work. If yes, then there is no disability. [Fifth, i]f no, the Secretary considers the claimant's age, work history, and education to find out whether he can do any other work. If he cannot perform other work, disability will be found. If, however, other work is available, the claimant will be found not disabled.

*Stuckey v. Sullivan,* 881 F.2d 506, 508 (7th Cir.1989).

Applying the five-step procedure[1] in this case, the ALJ found Claimant to be not disabled under the Act; in so finding, the Secretary thereby renders Claimant ineligible to receive benefits. On appeal, Claimant alleges three errors committed by the Secretary (through his designate, the ALJ):

first, that the ALJ improperly failed to place proper weight upon the treating physicians' testimony that Claimant is disabled; second, that the ALJ improperly ignored Claimant's own testimony concerning his pain; and, third, that Claimant is disabled *per se* because he has an impairment (or combination of impairments) medically equal to one contained in the Listing of Impairments. Claimant requests this court to grant his motion for summary judgment and reverse the decision of the Secretary. For reasons described herein, Claimant's motion for summary judgment is DENIED, and the judgment of the Secretary is AFFIRMED.

### III.

■ The court addresses in turn each of Claimant's allegations of error. First, Claimant criticizes the ALJ for discounting the favorable opinions of treating physicians concerning his mental status. In support of his position Claimant cites, among others, a case from this court for the proposition that "the testimony of treating physicians, if found credible, is entitled to controlling weight." *Belden v. Heckler,* 586 F.Supp. 628, 634 (N.D.Ind.1984), citing as authority *Whitney v. Schweiker,* 695 F.2d 784 (7th Cir.1982). Not only was this holding subsequently qualified, *see, e.g., Garrison v. Heckler,* 765 F.2d 710 (7th Cir.1985), but also the precise weight to give a treating (versus a consultative) physician's testimony need not be delved into here, where the medical reports that Claimant referred to, those of Kathleen M. Pueschel, Ph.D, and Horatio Verde, M.D., are not those of treating physicians. "Treating" physicians are medical professionals whose "experience and knowledge of [a particular] case," *Stephens v. Heckler,* 766 F.2d 284, 289 (7th Cir.1985), are derived from actively observing and treating a patient over a period of time. *See generally id.* at 288–89. Claimant testified before the ALJ that he had

---

1. As part of his analysis, the ALJ ignored step 2 of the inquiry in light of a then-recent decision from the Seventh Circuit, *Johnson v. Heckler,* 769 F.2d 1202 (7th Cir.1985), affirming the district court's decision that the severity prong violated 42 U.S.C. § 423(d). The Supreme Court later rejected this position, upholding the severity regulation in *Bowen v. Yuckert,* 482 U.S. 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). Nevertheless, the ALJ's failure to address the second prong is not material to this court's review of the present matter.

only recently started visiting Dr. Pueschel, and that she had treated him only twice (R. 91). Dr. Pueschel herself acknowledges in her report that she "ha[s] worked with [Claimant] for only a brief period" (R. 370) and, accordingly, could not provide a more "detailed ... in[-]depth report" (*id.*). Dr. Verde, similarly, is not a treating physician, for the record indicates that his medical findings (R. 347–50) are based on a single psychiatric evaluation of Claimant conducted in March of 1986. The court cannot conclude, as Claimant urges, that these medical professionals are treating physicians whose opinions are entitled to "controlling weight."

■ Next, Claimant alleges that the ALJ improperly discounted Claimant's own testimony regarding his pain. The Act provides that "[a]n individual's statement as to pain ... shall not alone be conclusive evidence of disability ...; there must be medical signs and findings ... which could reasonably be expected to produce the pain ... alleged." 42 U.S.C. § 423(d)(5)(A). The Seventh Circuit has interpreted this statutory mandate to require that, to recover for subjective complaints of disabling pain, Claimant present evidence of an objectively demonstrated abnormality and either (1) that objective medical evidence confirms the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain. *Sparks v. Bowen,* 807 F.2d 616, 618 (7th Cir.1986).

The ALJ found Claimant not to have satisfied his burden of proof. He determined that, "[w]hile the evidence does show pain and limitation of exertional capacity due to pain, the objective evidence does not support a finding of pain to the degree alleged by ... [C]laimant." (R. 16). The ALJ thus concluded that Claimant's alleged pain was not so severe as to preclude his engaging in substantial gainful activity. The court finds that the record supports the ALJ's determination, though the record does not compel this result. The medical evidence is conflicting. While the physicians' reports almost unanimously acknowledge that Claimant suffers some form of lower back pain, they indicate no consensus on the back pain's severity. One physician, Dr. A.C. Estes, suggested that Claimant is not prevented from performing substantial gainful work, indicating that he can lift up to 20 pounds, that he can frequently lift and carry up to 10 pounds, and that he can stand and walk about six hours per eight-hour work day (R. 331–32). Another physician, Dr. Luiz P. de Melo, indicated that Claimant's lower back pain was severe, and that even sitting, walking, or standing aggravated his condition (R. 292). Yet a third physician, Dr. Louis A. Gluek, concluded that Claimant could not likely return to his prior level of relatively heavy physical activity (R. 346), but his conclusion made no mention of Claimant's capacity for less strenuous exertion.

The ALJ in this case considered Claimant's complaints of pain in reaching his decision. He acknowledged that back problems restrict Claimant's exertional capacity, including the ability to perform his past relevant work. To the extent Claimant cannot exert himself as before, pain clearly is the culprit. Claimant testified to this effect, and the medical evidence supports his claim. The medical evidence also supports, however, the ALJ's determination that the complaints of pain are not as debilitating as Claimant urges. The ALJ was entitled to find that Claimant is capable of performing work which is primarily sedentary or which involves carrying and lifting no more than ten pounds at a time. This finding is consistent with the report of Dr. Estes, mentioned above, and the report of Dr. Martino (R. 448), who wrote that Claimant can return to work, can stand and walk without any problems, and can even bend and lift up to fifty pounds. The court holds that the ALJ's determination is grounded in substantial evidence.

■ Claimant finally assigns as error the conclusion that his (combination of) impairment(s) is not medically equal to one contained in the Listing of Impairments and thus is not *per se* disabling. Claimant asks the court to find that his malady satis-

fies section 12.07 of the Listings (20 C.F.R. Part 404, Subpart P, Appendix 1), which confers "disabled" status on those who suffer somatoform disorders. A somatoform disorder is a mental impairment that produces physical symptoms (such as pain) without any apparent organic or physiological origin.

Claimant bears the burden of proof to show that his impairment meets one of the Listings. The required level of severity for somatoform disorders is met when Claimant satisfies the requirements of both subsections A and B of section 12.07. While Claimant may evidence some of the clinical signs of 12.07(A), he has not satisfied his burden of showing that he meets the criteria of 12.07(B). In light of the unequivocal medical opinion of Dr. Verde that Claimant suffers "[n]o psychiatric impairment" (R. 348), there was substantial evidence to support the ALJ's decision.

### IV.

Based on the foregoing review of the record in this case, the court finds substantial evidence to support the Secretary's finding that Claimant is not disabled. Accordingly, the Secretary's decision is AFFIRMED; Claimant's motion for summary judgment is DENIED; and the Secretary's motion for summary judgment is GRANTED. IT IS SO ORDERED.