**Nancy ROBERTS, Plaintiff,**

v.

**Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.**

**Civ. No. L 89–33.**

United States District Court, N.D. Indiana, Lafayette Division.

Feb. 28, 1990.

James F. Roth, Lafayette, Ind., for plaintiff.

David H. Miller, Asst. U.S. Atty., Fort Wayne, Ind., for defendant.

## MEMORANDUM OPINION AND ORDER

ALLEN SHARP, Chief Judge.

Nancy Roberts (the "Claimant") appeals from the final decision of the Secretary of Health and Human Services (the "Secretary") denying her application for supplemental security income pursuant to Title XVI of the Act, 42 U.S.C. § 1381 *et seq.* Jurisdiction over Roberts's petition for judicial review is conferred on this court by 42 U.S.C. § 1383(c)(3).

### I.

In July of 1987, Roberts filed applications with the Secretary claiming entitlement to supplemental security income (R. 93–96; 97–106). The Secretary denied her applications initially (R. 107–08) and on reconsideration (R. 111–12). Roberts then requested a hearing, which was held before an administrative law judge ("ALJ") on July 1, 1988. In a decision issued August 30, 1988, the ALJ found Roberts not disabled and thus not entitled to benefits under Title XVI of the Act (R. 12–28). That decision became the final decision of the Secretary on February 22, 1989, when the

Appeals Council denied Roberts's timely request for review (R. 6–8). Roberts appeals that determination. The court considers the matter on cross-motions for summary judgment, each supported by a memorandum.

### II.

The Act itself provides the pertinent standard of review: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The ALJ's finding that Roberts was not disabled must be upheld if it is supported by substantial evidence. *Farrell v. Sullivan*, 878 F.2d 985, 988 (7th Cir.1989). This court will not reweigh the evidence presented at the administrative hearing, *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir.1987), nor will it determine whether Roberts actually was disabled. *Farrell*, 878 F.2d at 988; *Walker*, 834 F.2d at 640. Absent an error of law by the Secretary, this court must affirm his decision if there is substantial evidence to support it. *Steward v. Bowen*, 858 F.2d 1295, 1297 (7th Cir.1988). Substantial evidence is that quantum of relevant evidence which "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

Roberts must be "disabled" in order to qualify for the benefits she requests. The Act defines "disabled" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

Pursuant to statutory authority, 42 U.S.C. § 1382c(a)(3)(D), the Secretary has promulgated regulations for determining whether an individual is disabled. *See* 20 C.F.R. § 416.960(a)–(f). The Secretary employs a five-step process to determine whether Roberts is disabled within the meaning of the Act. *Steward*, 858 F.2d at

1297. The Seventh Circuit has described this sequential inquiry as follows:

> First, if the claimant is currently employed, he will be found not disabled. [Second, i]f the claimant is not working, the Secretary then examines medical evidence to determine whether the claimant has a severe impairment as defined in 20 C.F.R. § 416.921. If there is no severe impairment, the Secretary will find the claimant not disabled. [Third, i]f there is a severe impairment, the Secretary then measures the impairment against the requirements in the Listing of Impairments. If the claimant has a listed impairment, disability will be found. [Fourth, i]f the claimant does not have a listed impairment, the Secretary then determines whether the claimant can perform his past work. If yes, then there is no disability. [Fifth, i]f no, the Secretary considers the claimant's age, work history, and education to find out whether he can do any other work. If he cannot perform other work, disability will be found. If, however, other work is available, the claimant will be found not disabled.

*Stuckey v. Sullivan*, 881 F.2d 506, 508 (7th Cir.1989).

Applying the five-step procedure in this case, the ALJ found Roberts not disabled under the Act; in so finding, the Secretary thereby renders her ineligible to receive benefits. In the present appeal Roberts alleges several errors committed by the Secretary (through his designate, the ALJ): first, Roberts argues the ALJ improperly found that she did not meet any of the Listings (Finding # 2, R. 18), which if satisfied, dictate a finding of *per se* disabled; in the alternative, Roberts alleges the ALJ erroneously found that her impairments do not prevent her from performing her past relevant work (Finding # 6, R. 19); finally, Roberts argues the ALJ incorrectly found that her nonexertional limitations do not prevent her from performing work available in significant numbers in the national economy. Roberts requests this court to grant her motion for summary judgment and reverse the judgment of the Secretary. For reasons described herein, Roberts's motion for summary judgment is GRANTED and the judgment of the Secretary is REVERSED.

## IV.

Roberts first argues she suffers from three psychological disorders that render her disabled *per se*. Roberts claims she meets or suffers the equivalent of Listing 12.04, Affective Disorders; 12.08, Personality Disorders; and 12.09, Substance Addiction Disorders. The ALJ found that, although Roberts exhibits some of these traits, she does not suffer an impairment (or combination of impairments) listed in or medically equal to those contained in the Listings (20 C.F.R. Part 404, Subpart P, Appendix 1) (Findings # 2; R. 18).

Psychological disorders are evaluated under two sets of criteria: the "A" criteria, which "medically substantiate the presence of a medical disorder" (20 C.F.R. Part 404, Subpt. P, App. 1, § 12.00), and the "B" criteria, which describe the "functional limitations associated with mental disorders which are incompatible with the ability to work." *Id.* To be found disabled *per se*, a claimant bears the burden of proving he satisfies both the "A" and "B" criteria.

The ALJ found Roberts to have satisfied the "A" criteria for each of the three psychological disorders she claims render her disabled. In other words, the ALJ concluded that adequate medical evidence supports Roberts's allegations of psychological impairment, but he did not find any evidence of her inability to work as a result of such impairment.

To be found disabled, Roberts must prove she suffers at least two of the four "B" criteria: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner (in work settings or elsewhere); (4) repeated episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and

symptoms (which may include deterioration of adaptive behaviors).

The ALJ considered each of these criteria and determined that Roberts suffered none of the functional limitations that would satisfy the Listings. He found only a *slight* restriction of Roberts's activities of daily living. The court finds this holding consistent with Roberts's own statements (and a caseworker's summary) that she is able to care for her personal needs unassisted and can perform housework and the other functions of daily living (R. 252–53).

The ALJ discerned only a *slight* difficulty in Roberts's maintaining social functioning. The court disagrees and holds that Roberts's psychological impairment markedly[1] hampers her ability to interact appropriately and communicate effectively with others. Roberts's impaired social functioning is evidenced by her history of difficulty with relationships (R. 192), her numerous short-term jobs (R. 17, 121, 123), and her inability to cope with social situations due to moodiness and paranoia (R. 311).

The ALJ also determined that Roberts *seldom* suffers deficiencies in concentration or attention span that would prevent her from timely completing work-related tasks. In light of the overwhelming evidence in the record to the contrary, the court disagrees with this assessment and finds that Roberts's numerous emotional problems frequently[2] prevent her even from seeking competitive employment, let alone capably performing job-related tasks (R. 254, 311).

Finally, the ALJ found that only *once or twice* did Roberts suffer episodes of deterioration in work-like settings that would cause her to withdraw from that situation. The court holds otherwise. Again, the record indicates Roberts does not adapt well to stressful circumstances. This inability to cope with the demands and pressures of a stressful environment is well-documented and evidenced by her difficulty with social relationships and with maintaining concentration in a work-like setting.

The court thus finds that Roberts meets three of the "B" criteria and thereby satisfies the requirements of Listings 12.04, 12.-08 and 12.09, thereby rendering claimant disabled and entitled to receive supplemental security income. Accordingly, based on the foregoing review of the record in this case, the judgment of the Secretary is hereby REVERSED. The claimant's motion for summary judgment is GRANTED. In light of this holding, the court need not address Roberts's other allegations of error. IT IS SO ORDERED.

---

**1.** This standard represents the degree of limitation that satisfies the Listings: Extreme, Constant and Continual also satisfy this requirement.

