47 F.3d 1173
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Belinda ROSS, Plaintiff-Appellant,
v.
Donna SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 94-2935.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 25, 1995.
Decided Feb. 24, 1995.
 
 Before FLAUM, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Belinda Ross appeals the decision of the district court affirming the decision of the Secretary of Health and Human Services denying her claim for disability benefits under 42 U.S.C. Sec. 423(d). We affirm.
 
 
 2
 The administrative law judge ("ALJ") found that, while Ross's back injury precluded her from performing the "medium" level work she used to do as a fast-food cook and construction worker, she still had the residual functional capacity ("RFC") to perform the full range of light and sedentary work and therefore was still capable of performing a significant number of jobs in the economy. This finding meant that Ross was ineligible for benefits. See also Stephens v. Heckler, 766 F.2d 284, 285 (7th Cir.1985) (a person with a partial disability is "not disabled" under the Social Security Act).
 
 
 3
 The ALJ's findings must be upheld on review as long as they are supported by substantial evidence in the record. 42 U.S.C. Secs. 405(g), 1383(c)(3); Jones v. Shalala, 10 F.3d 522, 523 (7th Cir.1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted). A reviewing court may not decide the facts anew, reweigh the evidence or substitute its judgment for that of the Secretary. Herron v. Shalala, 19 F.3d 329, 333 (7th Cir.1994).
 
 
 4
 Ross objects to the thoroughness of the ALJ's opinion, claiming that a number of omissions and factual errors are evidence that the ALJ disregarded or misconstrued evidence. But 42 U.S.C. Sec. 405(g) "requires us to review the quality of the evidence, which must be 'substantial,' not the quality of the ALJ's literary skills." Stephens, 766 F.2d at 287. The ALJ is not required to list every piece of evidence presented at the proceedings. Pope v. Shalala, 998 F.2d 473, 481 (7th Cir.1993). In any event, a review of the list of specific omissions alleged by Ross demonstrates that the ALJ did resolve most of the issues that Ross claims went uncovered, and we need not repeat that analysis here.
 
 
 5
 Ross maintains that the ALJ gave undue weight to the opinions of Drs. Curtis and Dow, non-treating physicians who assessed her RFC and found that she was capable of performing "medium" work. Instead, Ross argues, an unaddressed unsigned, and sketchy letter purportedly from her treating physician, Dr. Ong, stating that Ross was "completely disabled and is unable to do any work of any nature" should have been conclusive evidence of her disability. The letter is not acknowledged in the ALJ's opinion, but the ALJ expressed skepticism about the letter at the hearing, and did consider a later report from Dr. Ong. The letter indicating disability, even if we were to credit it, is not enough to overturn the ALJ's finding because it is not consistent with the other evidence in the record. Farrell v. Sullivan, 878 F.2d 985, 989-90 (7th Cir.1989). A reviewing doctor's findings can be substantial evidence in support of the Secretary's decision. Id. at 990; Stephens, 766 F.2d at 289.
 
 
 6
 Ross argues that the ALJ did not adequately credit her subjective complaints of pain. The ALJ did not find those complaints credible, and we cannot reweigh that determination unless it is "patently wrong". Herr v. Sullivan, 912 F.2d 178, 182 (7th Cir.1990). Here, where the determination is supported by at least one examining doctor, Dr. Blonsky, Ross's refusal to comply with Dr. Ong's recommendation that she go to a pain clinic, as well as the ALJ's observations of Ross's ability to comfortably sit through a one-hour hearing, we cannot conclude that the finding was "patently wrong."
 
 
 7
 Drs. Curtis and Dow found that Ross was capable of "medium" work and Ross claims the letter from Ong shows that Ross was not capable of any work at all. Ross points out that these were the only evidentiary indications of her RFC, and that the ALJ seems to have split the difference to find that Ross was capable of "light" or "sedentary" work. The final responsibility for deciding RFC rests with the ALJ. 20 C.F.R. Sec. 404.1546. It would be perverse in this case to reverse an ALJ's decision against awarding disability benefits just because the ALJ gave a claimant the slight benefit of the doubt on an issue.
 
 
 8
 On this standard of review, there is no basis for overturning the Secretary's decision, which is supported by substantial evidence in the record. We affirm.