**Joan W. WILLEFORD,**
**Plaintiff-Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
**Defendant-Appellee.**

No. 86–6594.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 1987.

Decided Aug. 11, 1987.

Steven Whiteside, Santa Barbara, Cal., for plaintiff-appellant.

Michael R. Power, San Francisco, Cal., for defendant-appellee.

Before KENNEDY and PREGERSON, Circuit Judges, and McKIBBEN, District Judge.[*]

KENNEDY, Circuit Judge:

Joan Willeford appeals a denial of widow's disability benefits, challenging the standard used to evaluate her claim. We affirm.

Mrs. Willeford applied for disability benefits under sections 202(e) and 223(d) of the Social Security Act, 42 U.S.C. §§ 402(e), 423(d). After administrative proceedings, the Secretary of Health and Human Services denied her application. On a magistrate's recommendation, the district court upheld the Secretary's decision. Mrs. Willeford now appeals.

The administrative law judge responsible for the case found that Mrs. Willeford suffered from a variety of ailments, including musculoligamentous lower back strain and chronic disc degeneration, duodenal ulcer disease, migraine headaches, lower extremity claudication, atherosclerosis, and thoracic outlet syndrome. Nevertheless, he denied the application because the clinical

[*] Honorable Howard D. McKibben, United States District Judge, District of Nevada, sitting by designation.

findings submitted were not the same as, or equal in severity to, the findings for any impairment in the Secretary's Listing of Impairments, 20 C.F.R. part 404, subpt. p, app.1 (1986).

Mrs. Willeford does not challenge the administrative law judge's view of the clinical findings. That is, she does not claim to possess an impairment the same as, or equal in severity to, any listed impairment. She does, however, question the administrative law judge's use of the listing. In her view, the regulations do not require her to relate her condition to a listed impairment, but permit her to show, without any reference to the listing, that her condition precludes gainful activity. Though her position is not without some merit, we think the regulations point in a different direction.

Under the regulations, a widow is considered disabled if her impairment or combination of impairments has "specific clinical findings that are the same as those for any impairment in the Listing of Impairments ... or are medically equivalent to those for any impairment shown there." 20 C.F.R. § 404.1578(a)(1) (1986). The language of the regulation suggests that reference to the listing is required in widow's disability determinations.

The same is true of the language in the medical equivalency regulation. It provides that

[The Social Security Administration] will decide that your impairment[ ] is medically equivalent to a listed impairment ... if the medical findings are at least equal in severity and duration to the listed findings.... If your impairment is not listed, [the Social Security Administration] will consider the listed impairment most like your impairment to decide whether your impairment is medically equal. If you have more than one impairment, and none of them meets or equals a listed impairment [the Social Security Administration] will review the symptoms, signs, and laboratory findings about your impairments to determine whether the combination of your impairments is medically equal to any listed impairment.

20 C.F.R. § 404.1526(a) (1986). It is difficult to deny that this language conceives of a process in which disability is determined through comparison with listed impairments. At least one circuit has so held. *Dorton v. Heckler,* 789 F.2d 363, 366–67 (6th Cir.1986) (per curiam).

Turning from the regulations to the underlying statute, we find little support for Mrs. Willeford's position. The Social Security Act provides that a surviving spouse will be found disabled only if his or her "physical or mental impairment or impairments are of a level of severity which under regulations prescribed by the Secretary is deemed to be sufficient to preclude an individual from engaging in any gainful activity." 42 U.S.C. § 423(d)(2)(B). A wage earner, in contrast, will be found disabled if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial work...." 42 U.S.C. § 423(d)(2)(A).

■ A surviving spouse must satisfy a stricter disability standard than a wage earner. *Sprague v. Bowen,* 812 F.2d 1226, 1229 (9th Cir.1987). The standard is stricter not only because it requires a survivor to prove he or she is incapable of any gainful activity, substantial or not, without reference to age, education, or work experience, but also because it requires him or her to prove disability under regulations prescribed by the Secretary, rather than under a criterion specified in the statute. To permit Mrs. Willeford to disregard the Secretary's regulations would run counter to the language of the statute and the distinctions it draws between surviving spouses and wage earners. No question is raised as to the constitutional validity of these distinctions. *See Sims v. Harris,* 607 F.2d 1253, 1254–55 (9th Cir.1979).

■ The legislative history reinforces the statute's language. In explaining the widow's disability provisions, the Senate report states that

the Secretary ... [will] by regulation establish the severity of impairment which may be deemed to preclude an individual

from engaging in any 'substantial gainful activity.[1] An individual whose impairments meet the level of severity established by the Secretary would generally be found to be disabled ...; and individuals whose impairments do not meet this level of severity may not in any case be found disabled.

S.Rep. No. 744, 90th Cong., 1st Sess. 49–50, *reprinted in* 1967 U.S.Code Cong. & Ad. News 2834, 2883. Thus it appears that the drafters of the statute, as well as the framers of the regulations, believed that a widow's disability would be determined by reference to the Listing of Impairments.

██ None of this indicates that Mrs. Willeford's position lacks substance. There is merit to her suggestion that the ability to engage in gainful activity is the "core" of the medical equivalence test. *See Paris v. Schweiker,* 674 F.2d 707, 710 (8th Cir.1982). And it is distinctly possible that there will be cases where the absence of that ability is demonstrated in such a compelling fashion that the listing becomes a mechanical and unrealistic bar to a just determination. Indeed, the cases on which she relies, *Tolany v. Heckler,* 756 F.2d 268 (2d Cir.1985) and *Paris, supra,* present situations of that sort.

The case before us is a different matter. The medical evidence is far more ambiguous, and might well support a denial of benefits under the standard for which Mrs. Willeford contends. Moreover, in the proceedings below Mrs. Willeford did not attempt to show that her impairments were the same as, or medically equivalent, to a listed impairment. She did not make any effort to comply with the analytic steps the regulations require. In such a case, we are reluctant to depart from the analysis outlined earlier. Accordingly, the district court's denial of widow's disability benefits is AFFIRMED.

PREGERSON, dissenting.

I do not disagree with Judge Kennedy's statements that "[t]here is some merit to

[appellant's] suggestion that the ability to engage in gainful activity is the 'core' of the medical equivalence test" and that "it is distinctly possible that there will be cases where the absence of that ability is demonstrated in such a compelling fashion that the listing becomes a mechanical and unrealistic bar to a just determination." Majority Opinion at 774.

I must dissent in this case because Mrs. Willeford has demonstrated in "a compelling fashion" that she is unable to engage in any gainful activity. Because demonstrating inability to engage in gainful activity is the core of the Department of Health and Human Services medical equivalence test, denying Mrs. Willeford widow's benefits solely on the basis of that test creates "a mechanical and unrealistic bar to a just determination."

Under the rationale adopted by the Eighth Circuit in *Paris v. Schweiker,* 674 F.2d 707, 710 (8th Cir.1982), and the Second Circuit in *Tolany v. Heckler,* 756 F.2d 268, 271 (2d Cir.1985), I would reverse the district court's order and award Mrs. Willeford the widow's benefit to which she is entitled.

---

1. 'Substantial gainful activity' became 'gainful activity' in the final version of the bill. *See* Conf.Rept. No. 1030, 90th Cong., 1st Sess., *re-* *printed in* 1967 U.S.Code Cong. & Ad.News 3179, 3197.