D. Beryl KIER, Plaintiff–Appellee,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant–Appellant.

No. 108, Docket 89–6095.

United States Court of Appeals, Second Circuit.

Argued Oct. 3, 1989.

Decided Oct. 23, 1989.

District Court for the District of Connecticut (José A. Cabranes, Judge) reversing the Secretary's denial of D. Beryl Kier's application for widow's disability insurance benefits under the Social Security Act ("Act"). The Secretary contends that substantial evidence supported the Department's finding that Kier's impairments were not medically equivalent to any of those promulgated by the Secretary in the "Listing of Impairments." 20 C.F.R. § 404 subpart P, App. 1 (1988). We agree with the District Court that the Secretary lacked substantial evidence to make this finding. We also affirm the District Court's conclusion that the Secretary must consider a claimant's "residual functional capacity" in determining whether she is capable of performing any gainful activity. See *Tolany v. Heckler*, 756 F.2d 268 (2d Cir.1985).

Kier is a 62–year–old widow who suffers from partial blindness, hypertension, arthritis, and asthma. She has been treated for obstructive pulmonary disease, and has recently undergone two major surgeries for an abdominal rupture and a colostomy. Kier filed an application for widow's disability benefits on May 14, 1984, which was denied both on initial review and upon reconsideration. At a *de novo* hearing before an Administrative Law Judge ("ALJ") in April 1985, Kier's disability claim was again rejected. The Appeals Council affirmed the ALJ's determination.

Kier sought review in the District Court before Judge Cabranes, who referred the case to Magistrate Joan Glazer Margolis. In October 1986, the District Court, upon the recommendation of Magistrate Margolis, reversed the Secretary's decision, holding that the ALJ's conclusion was not supported by substantial evidence and that the Secretary had not determined Kier's residual functional capacity, as required by this Court in *Tolany v. Heckler, supra*. Remanded to another ALJ in August 1987, Kier's claim was again denied, this time on the ground that she had refused to participate in additional consultative examinations. In April 1988, the Appeals Council affirmed the ALJ's conclusion, but on different grounds: It found that Kier did not

Deirdre A. O'Connor, Sp. Asst. U.S. Atty., New Haven, Conn. (Stanley A. Twardy, Jr., U.S. Atty., New Haven, Conn., John F. Aronson, Asst. Regional Counsel, Dept. of Health & Human Services, Boston, Mass., on the brief), for defendant-appellant.

Joanne Lewis, Conn. Legal Services, Inc., New Britain, Conn. (Stuart Glenn Rothenberg, Manchester, Conn., John P. Spilka, Conn. Legal Services, Inc., New London, Conn., on the brief), for plaintiff-appellee.

(Kalman Finkel, Helaine Barnett, Matthew Diller, Legal Aid Soc., New York City, Linda C. Goldstein, Kramer, Levin, Nessen, Kamin & Frankel, New York City, submitted a brief as amicus curiae, for the certified plaintiff class in Hill v. Sullivan as amicus curiae.)

Before NEWMAN, PRATT, and MAHONEY, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

The Secretary of Health and Human Services appeals from the judgment of the

have an impairment of the level of severity to merit disability benefits and that she did have the residual functional capacity to perform gainful activity. Reviewing the case for a second time, Magistrate Margolis rejected the Appeals Council's decision, instead holding that Kier did not have the capacity to engage in gainful activity. On February 27, 1989, Judge Cabranes adopted the Magistrate's recommended ruling as the decision of the District Court. This appeal followed.

■ The Social Security Act provides social security insurance benefits to, among others, disabled wage earners and disabled widows, widowers, or surviving divorced spouses of deceased wage earners. Different substantive standards distinguish the disability determination for widows [1] from the disability determination for wage earners. The standard for widow disability benefits is more stringent than that applicable to a wage earner. A widow must demonstrate that she is incapable of *any*, rather than *substantial*, gainful activity. *Tolany v. Heckler*, 756 F.2d at 270; *Gallagher v. Schweiker*, 697 F.2d 82, 84 n. 2 (2d Cir.1983). *Compare* 42 U.S.C. § 423(d)(2)(A) (1982 & Supp. V 1987) *with id.* § 423(d)(2)(B) (1982 & Supp. V 1987). Moreover, the Secretary may not consider vocational factors—age, education, or work experience—in determining whether a widow is disabled. 20 C.F.R. § 404.1577.

■ The Secretary maintains that the different standards imply the use of different procedures in adjudicating widow's claims. Specifically, the Secretary claims that social security adjudicators may not consider a widow's residual functional capacity in determining whether her impairments are medically equivalent to an impairment contained in the Listings. This view is mistaken.

The basic sequential procedure for determining disability under the Act is set forth in 20 C.F.R. § 404.1520. Under the fifth step of that procedure, an adjudicator determines whether a claimant, in light of her residual functional capacity, age, education, and work experience, has the capacity to perform "alternative occupations in the national economy." *City of New York v. Heckler*, 742 F.2d 729, 732 (2d Cir.1984), *aff'd sub nom. Bowen v. City of New York*, 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986); *Decker v. Harris*, 647 F.2d 291, 298 (2d Cir.1981); 20 C.F.R. § 404.1520(f). If not, the claimant is entitled to benefits.

In addition to the sequential evaluation process set forth in 20 C.F.R. § 404.1520, the Act authorizes the Secretary to promulgate specific regulations to guide determination of whether a widow's impairments are sufficiently severe to preclude *any* gainful activity. 42 U.S.C. § 423(d)(2)(B). Two regulations specifically apply to the disability claims of widows. Section 404.-1577 emphasizes the stricter standard—the preclusion of *any* gainful activity—governing the disability determination of widows and also states that the Secretary may not consider age, education, and work experience in making these determinations. Section 404.1578 provides that disability will be found if a widow's impairment "has specific clinical findings that are the same as those for any impairment in the [Listings] or are medically equivalent to those for any impairment shown there." Rather than promulgate separate regulations for widows, then, the Secretary has relied upon a concept of "medical equivalence" to determine if a widow whose impairments do not satisfy the criteria set forth in the Listings is nevertheless disabled. 42 U.S.C. § 423(d)(2)(B).

There are important intersections between the five-step sequential evaluation process of Section 404.1520 and the procedures outlined in Sections 404.1577 and 404.1578. As this Court noted in *Tolany v. Heckler*, 756 F.2d at 271, the two procedures adopt most of the same provisions with the exception of section 404.1577's

---

**1.** We use the term "widow" throughout only for convenience. Nothing in this opinion is intended to distinguish widows from other persons similarly treated by the Act and regulations, *e.g.*, widowers and surviving divorced spouses. 42 U.S.C. § 423(d)(2)(B) (1982 & Supp. V 1987); 20 C.F.R. § 404.1577 (1988).

exclusion of age, education, and work experience in the consideration of widow benefits claims. The very exclusion of these factors mentioned in step five of the sequential evaluation process strongly suggests that the other factor listed in step five—residual functional capacity—is to be considered. Indeed, under the regulations there is no way to decide whether a widow's impairment is medically equivalent to a listed impairment without assessing her residual functional capacity.

In *Tolany*, we deemed it inappropriate to decide whether a claimant who does not have the residual functional capacity to engage in any gainful activity is medically equivalent to a claimant with a listed impairment. Instead, we asked the Secretary to elucidate "what role residual functional capacity plays in determining a widow's claim." *Id.* at 272. The Secretary's position, conveyed in continued reliance on Social Security Ruling 83–19, appears to be no role at all, since that ruling forbids adjudicators from considering a widow's residual functional capacity in determining medical equivalence. This ruling conflicts with the language of the statute.

The Act specifies that all widows with impairments at a "level of severity ... sufficient to preclude an individual from engaging in any gainful activity" are entitled to benefits. 42 U.S.C. § 423(d)(2)(B). Under the Act, the Secretary is authorized to promulgate a Listing of Impairments to establish the level of severity deemed sufficient to preclude an individual from engaging in gainful activity. This underinclusive catalog of impairments only establishes the level of severity necessary to demonstrate disability, rather than comprises the entire universe of available claims. If a claimant's residual functional capacity leaves her unable to perform any gainful activity, her impairments, even if unlisted, must be at the level of severity of an impairment included in the Secretary's Listing.

In this case, the District Court, on its initial consideration, properly ordered the Secretary to consider Kier's residual functional capacity in determining her eligibility for widow's disability benefits. In its

subsequent decision, the District Court correctly ruled that the Secretary lacked substantial evidence for his finding that Kier's impairments did not meet or equal the requirements of any listed impairment. Despite a consulting physician's opinion that Kier is incapable of "prolonged standing, sitting, climbing, bending or lifting," and a treating physician's opinion that Kier is "quite disabled," the Appeals Council asserts that Kier can perform sedentary work. But there is no evidence in the record to support this assertion. *See Williams v. Bowen,* 859 F.2d 255, 261 (2d Cir.1988).

The judgment of the District Court is affirmed.