**Ellen J. RUFF, Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, Secretary, HHS, Defendant–Appellee.**

No. 89–35042.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 1990.

Decided July 9, 1990.

Avelin P. Tacon, III, Connolly, Holm, Tacon, McPhee and Meserve, Olympia, Washington, for plaintiff-appellant.

Richard H. Wetmore, Asst. Regional Counsel, Dept. of Health and Human Services, Seattle, Washington, for defendant-appellee.

Before BROWNING, ALARCON and RYMER, Circuit Judges.

ALARCON, Circuit Judge:

Ellen J. Ruff appeals from the denial by the Secretary of Health and Human Services (Secretary) of surviving spouse's benefits. She argues that the Secretary erred in failing to consider her residual functional capacity in determining whether her disability was equivalent to the impairments listed in the Secretary's regulations. Relying on dictum in *Willeford v. Secretary of Health & Human Services*, 824 F.2d 771, 774 (9th Cir.1987), she also argues that her "inability to engage in any gainful activity is compelling to a degree that the listing becomes a mechanical and unrealistic bar to a just determination" of her claim. Appellant's Brief, at 5. Mrs. Ruff also asserts that a denial of benefits would deprive her of equal protection.

We reverse because we conclude that the Secretary is required to consider residual functional capacity in determining whether a wage earner's surviving spouse's disability is medically equivalent to a listed impairment.

I

Mrs. Ruff began receiving disability insurance benefits in November 1979 after the Secretary concluded that she was unable to do past relevant work as a sorter and trimmer in the fruit packing industry due to severe degenerative arthritis of the spine. Mrs. Ruff's wage earner spouse died on August 29, 1986. On September 15, 1986, she applied for surviving spouse's benefits pursuant to 42 U.S.C. § 402(e) and (f).

A widow, widower, or surviving divorced spouse seeking disability benefits under 42 U.S.C. § 402(e) & (f) must satisfy a stricter standard of impairment than that imposed on a wage earner. *Sprague v. Bowen*, 812 F.2d 1226, 1229 (9th Cir.1987). The surviving spouse of an insured wage earner must prove that he or she is between 50 and 60 years old and that the disabling impairment is "of a level of severity which under regulations prescribed by the Secretary is deemed to be sufficient to preclude an individual from engaging in any gainful activity." 42 U.S.C. §§ 402(e)(1)(B), 402(f)(1)(B), 423(d)(2)(B). The regulations promulgated by the Secretary pursuant to 42 U.S.C. § 423(d)(2)(B) specify that the surviving spouse "must have a medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1577 (1989). The Secretary does not consider the surviving spouse's age, education, or work experience. *Id.* Benefits are granted if the claim of disability is supported by "specific clinical findings" that demonstrate that the surviving spouse's impairment is listed in Appendix I or is "medically equivalent" to

any listed impairment. *Id.* § 404.1578 (1989).

The Secretary designated Dr. Lauren Lucke to review Mrs. Ruff's medical records to determine whether she was entitled to surviving spouse's benefits because of her physical impairment. Dr. Lucke did not conduct a physical examination of Mrs. Ruff. Dr. Lucke concluded that she was not entitled to surviving spouse's benefits under section 402(e). After reviewing medical records from November 16, 1976 to October 13, 1986, Dr. Lucke informed Mrs. Ruff that "you are able to walk and move about satisfactorily and your condition is not severe enough to meet the special requirements for benefits for widows." Based on Dr. Lucke's report, the Secretary denied Mrs. Ruff's application.

Mrs. Ruff requested reconsideration of her application. In response, the Secretary designated Dr. John Dalton to examine Mrs. Ruff's medical records. On March 9, 1987, Dr. Dalton filed his report in which he concluded that Mrs. Ruff's impairment was "not severe enough to meet the[ ] special requirements for disabled widow's benefits."

Mrs. Ruff then requested an administrative hearing. At the hearing Mrs. Ruff submitted in evidence a letter dated January 6, 1987 from Dr. Mark Spee, her treating physician. Dr. Spee summarized his findings as follows:

> Mrs. Ruff has been totally disabled since approximately 1979, due to back problems. She has a history of severe osteoarthritis or degenerative arthritis of her spine, as well as collapse of the vertebral discs in the lumbar spine. This causes her significant pain in the low back and radiation of the pain in the form of sciatica into the legs if she is on her feet for any period longer than ten to fifteen minutes at a time. Also, if she drives in a car for longer than five to ten minutes she starts developing sciatica down her legs as well. For these reasons she would not be able to manage any kind of work since prolonged sitting or standing or lifting or bending aggravates her condition.

The physicians designated by the Secretary did not review Dr. Spee's January 6, 1987 letter.

The administrative law judge concluded that the physical impairment listed in the regulations that is closest to Mrs. Ruff's condition is disorder of the spine. See subsection B of section 1.05. A disorder of the spine, as defined in subsection B of section 1.05 of the listing of impairments, must be evidenced by a "[c]ompression fracture of a vertebral body with loss of at least 50 percent of the estimated height of the vertebral body prior to the compression fracture, with no intervening direct, traumatic episode; or [m]ultiple fractures of vertebrae with no intervening direct traumatic episode...." 20 C.F.R. part 404, subpt. p, App. 1, at 352 (1989). Mrs. Ruff conceded that she has not suffered the type of fracture of the spine described in the regulations. She argued that her condition was medically equivalent to a disorder of the spine because of Dr. Spee's finding that she is unable to "manage any kind of work because of her back problems."

The administrative law judge determined that Mrs. Ruff's physical condition was not expressly described in the regulations and is not medically equivalent to any listed impairment. The Appeals Council upheld the administrative law judge's decision. The district court affirmed the Secretary's decision to deny surviving spouse's benefits.

## II

Mrs. Ruff contends that she presented substantial evidence that her physical condition was medically equivalent to an impairment listed in the Secretary's regulations. She maintains that because she cannot manage any kind of work due to her severe osteoarthritic condition, her impairment is equivalent to a disorder of the spine as described in the listings. Mrs. Ruff contends that the Secretary's failure to consider her residual functional capacity in determining whether her physical condition is medically equivalent to a listed impairment compels reversal. Each party argues that our decision in *Willeford v. Sec-*

*retary of Health & Human Services,* 824 F.2d 771 (9th Cir.1987) is dispositive of this appeal. We disagree. We did not discuss in *Willeford* the effect of residual functional capacity in determining whether a surviving spouse's physical or medical condition is medically equivalent to an analogous listed impairment.

In *Willeford,* the administrative law judge concluded that the clinical findings were "not the same as, or equal in severity to, the findings for any impairment in the Secretary's Listing of Impairments; 20 C.F.R., part 404, subpt. P, App. 1 (1986)." *Willeford,* 824 F.2d at 773. Mrs. Willeford did not challenge the administrative law judge's evaluation of the clinical findings. *Id.* Instead, she argued to this court that "the regulations do not require her to relate her condition to a listed impairment, but permit[ted] her to show, without any reference to the listing, that her condition preclude[d] gainful activity." *Id.*

We held in *Willeford* that the language of the regulations required a clinical finding that the impairment is the same as one listed in the Listing of Impairments or is the medical equivalent thereof. *Id.* We rejected Mrs. Willeford's contention that under section 402(e) she was not required to demonstrate medical equivalency. We affirmed the denial of benefits because the claimant had disregarded the requirements of the regulations. *Id.* at 774. We did not however preclude the consideration of residual functional capacity. That issue was not before us. *But see Cassas v. Secretary of Health & Human Servs.,* 893 F.2d 454, 458 (1st Cir.1990) (construing *Willeford* as requiring a claimant to meet or equal the listings).

In rejecting Mrs. Willeford's claim, we commented that "it is distinctly possible that there will be cases where the absence of [the] ability [to engage in gainful activity] is demonstrated in such a compelling fashion that the listing becomes a mechanical and unrealistic bar to a just determination." *Id.* The quoted language was unnecessary to our decision because Mrs. Willeford did not contend that her condition was medically equivalent to an impairment

listed in the Secretary's regulations because her condition precluded gainful employment. "This panel is not bound by dicta from prior cases...." *United States v. Tsinnijinnie,* 601 F.2d 1035, 1038 (9th Cir.1979) (citing *Kastigar v. United States,* 406 U.S. 441, 456, 92 S.Ct. 1653, 1662, 32 L.Ed.2d 212 (1972)), *cert. denied,* 445 U.S. 966, 100 S.Ct. 1657, 64 L.Ed.2d 242 (1980).

The Secretary asserts that the denial of benefits to Mrs. Ruff is consistent with our *holding* in *Willeford* that a surviving spouse must comply with the procedure set forth in the regulations. The Secretary's reliance on our opinion in *Willeford* is based on a misunderstanding of the issue before this court. Unlike the appellant in *Willeford,* Mrs. Ruff does not claim that she is not required to comply with the regulations. She argues instead that she has presented substantial evidence that her physical condition is medically equivalent to an impairment listed in the regulations.

After the administrative law judge's determination in this case that Mrs. Ruff's ailment is not medically equivalent to a listed impairment, the First and Second Circuits held that residual functional capacity must be assessed by the Secretary in deciding this question. *Cassas v. Secretary of Health & Human Servs.,* 893 F.2d 454, 459 (1st Cir.1990); *Kier v. Sullivan,* 888 F.2d 244, 247 (2d Cir.1989).

In *Kier,* the Second Circuit examined the five-step procedure set forth in 20 C.F.R. § 404.1520 for determining general disability under the Social Security Act. 888 F.2d at 246. The fifth step of the procedure requires the Secretary to determine whether the claimant, in light of the claimant's residual functional capacity, age, education, and work experience, is able to perform past relevant or any other work. 20 C.F.R. § 404.1520(e), (f) (1989). If not, the claimant is entitled to benefits. *Kier,* 888 F.2d at 246.

As the Second Circuit noted in *Kier,* the procedures for determining widow's benefits "adopt most of the same provisions with the exception of section 404.1577's exclusion of age, education, and work experience in the consideration of widow bene-

fits claims." *Kier*, 888 F.2d at 246–47. The Second Circuit opined that the failure to exclude residual functional capacity as a factor in determining disability "strongly suggests" that it should be considered in determining whether to award benefits to a surviving spouse. *Id.* at 247. We are persuaded by the reasoning of the First and Second Circuit that residual functional capacity must be considered in determining entitlement to a surviving spouse's benefits under section 402(e) and (f).

The purpose of the listing of impairments is to "describe[ ], for each of the major body systems, impairments which are considered severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 404.1525(a). The listings, however, do not include each of the physical or mental impairments that can disable an individual. *See Kier*, 888 F.2d at 247 ("This underinclusive catalog of impairments only establishes the level of severity necessary to demonstrate disability, rather than comprises the entire universe of available claims."); *Cassas*, 893 F.2d at 458 ("[T]he listings do not exhaust the entire universe of incapacities."); *cf. Sullivan v. Zebley*, ⸺ U.S. ⸺, 110 S.Ct. 885, 893, 107 L.Ed.2d 967 (1990) ("[T]he [child-disability] listings obviously do not cover all illnesses and abnormalities that actually can be disabling.").

The Secretary's position, that it is not necessary to consider residual functional capacity in determining whether a claimant is entitled to benefits, conflicts with the Congressional mandate that surviving spouses precluded from engaging in gainful activity because of a disabling physical or mental condition should receive benefits. 42 U.S.C. §§ 402(e), 423(d)(2)(B); *Kier*, 888 F.2d at 247. We also agree with the Second Circuit's conclusion that "[i]f a claimant's residual functional capacity leaves her unable to perform any gainful activity, her impairments, even if unlisted, must be at the level of severity of an impairment included in the Secretary's Listing." *Id.* We hold that residual functional capacity must be considered in determining whether a disabling physical or mental condition is the medical equivalent of a listed impairment.

## III

Because of our conclusion that section 402(e) requires the Secretary to determine whether a surviving spouse's residual functional capacity precludes her from gainful employment and is the medical equivalent of a listed impairment, we do not reach the merits of her constitutional challenge. We REVERSE the judgment and REMAND this matter to the Secretary for a reevaluation of Ruff's physical condition to determine whether, under the residual functional capacity test, it is medically equivalent to a listed impairment.

RYMER, Circuit Judge, dissenting:

I dissent because I believe *Willeford v. Secretary of Health & Human Services*, 824 F.2d 771 (9th Cir.1987), should be followed in this case. In *Willeford*, the widow argued that the regulations permitted her to show, without any reference to the listing, that her condition precludes gainful activity. However we held that the regulations, statutory scheme and legislative history point in the other direction, requiring a widow to relate her condition to a listed impairment, at least in default of a compelling demonstration of the absence of ability to engage in gainful activity.

Ruff has not shown in such a compelling fashion that the listing is a "mechanical and unrealistic bar to a just determination," *id.* at 773, nor is her condition comparable to the claimants' condition in *Tolany v. Heckler*, 756 F.2d 268 (2d Cir.1985) (urinary stress, incontinence, and hypothyroidism, causing urination five to ten times per hour) or *Paris v. Schweiker*, 674 F.2d 707 (8th Cir.1982) (aggregate of impairments from Crohn's disease, ulcerative colitis, hernia, gallstones, diabetes, and leg ulcers precluded any gainful activity), cited by *Willeford* as examples of that kind of case. Therefore it seems to me unnecessary to call our prior precedent into ques-

tion and thus to adopt the Second and First Circuit approach.