**Janice WILSON**

v.

**Louis W. SULLIVAN, Secretary of Health and Human Services.**

**No. H 84–687.**

United States District Court, N.D. Indiana, Hammond Division.

July 23, 1992.

Randall J. Zromkoski, Valparaiso, Ind., for plaintiff.

Orest Szewciw, Asst. U.S. Atty., Dyer, Ind., for defendant.

### ORDER ON CROSS–MOTIONS FOR REMAND

ALLEN SHARP, Chief Judge.

Janice Wilson appeals from a final judgment of the Secretary of Health and Human Services denying her application for Widow's Insurance (WI) benefits pursuant

to the Social Security Act (the "Act"), 42 U.S.C. § 423(d)(2)(B), 20 C.F.R. § 404.1578 (1990). Jurisdiction over Ms. Wilson's petition for judicial review is conferred on this court by 42 U.S.C. § 405(g).

## I.

Ms. Wilson first filed for disability insurance benefits on March 18, 1983. When her petition was denied initially and on reconsideration, she requested a hearing before an administrative law judge (ALJ). In a decision issued June 26, 1984, the ALJ found Ms. Wilson not entitled to WI benefits, because she did not meet or equal an impairment listed in the "Listing of Impairments," 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. 12). That decision became the final determination of the Secretary on October 5, 1984, when the Appeals Council adopted the ALJ's findings and conclusions. (R. 2). Ms. Wilson appeals that determination.

The defendant, Louis W. Sullivan,[1] Secretary of Health and Human Services filed a Motion to Remand on September 19, 1991, to allow further administrative consideration of plaintiff's claim under a new Ruling of the Social Security Administration, Social Security Ruling (SSR) 91–3p (56 Fed. Reg. 23,589 (1991).

This case was last assigned to Magistrate Judge Andrew P. Rodovich. For purposes of judicial economy and justice, it was reassigned to the undersigned Judge on July 2, 1992.

## II.

The Act itself provides the pertinent standard of review: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The ALJ's finding that Ms. Wilson is not disabled must be upheld if it is supported by substantial evidence. *Pitts v. Sullivan*, 923 F.2d 561, 564 (7th

Cir.1991); *Kelley v. Sullivan*, 890 F.2d 961, 965 (7th Cir.1989). This court will not reweigh the evidence presented at the administrative hearing, *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir.1987), nor will it determine whether Ms. Wilson actually was disabled. *Farrell v. Sullivan*, 878 F.2d 985, 988 (7th Cir.1989); *Walker*, 834 F.2d at 640. Absent an error of law, this court must affirm the Secretary's decision if there is substantial evidence to support it. *Kelley*, 890 F.2d at 965; *Steward v. Bowen*, 858 F.2d 1295, 1297 (7th Cir.1988). Substantial evidence is that quantum of relevant evidence which "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). It may be less than a preponderance of the evidence. See *Consolo v. Federal Maritime Commission*, 383 U.S. 607, 620, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131 (1966).

Ms. Wilson must be "disabled" in order to qualify ·for the benefits she requests. The Act defines "disabled" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Pursuant to statutory authority, 42 U.S.C. §§ 423(d)(4), 1382c(a)(3)(D), the Secretary has promulgated regulations for determining whether an individual is disabled. 20 C.F.R. §§ 404.1520(a)–(f), 416.920(a)–(f). Generally, the Secretary employs a five-step process to determine whether a claimant is disabled within the meaning of the Act. *Steward*, 858 F.2d at 1297. The Seventh Circuit has described this sequential inquiry as follows:

First, if the claimant is currently employed, he will be found not disabled.

---

1. Louis W. Sullivan, M.D. succeeded Otis R. Bowen, M.D. as Secretary of Health and Human Services on March 1, 1989. Otis R. Bowen, M.D. had succeeded Margaret Heckler as Secretary. Therefore, pursuant to Fed.R.Civ.P. 25(d)(1), Louis W. Sullivan, M.D. should be substituted for Margaret Heckler as the defendant in this suit. No further action need be taken to continue the suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[Second, i]f the claimant is not working, the Secretary then examines medical evidence to determine whether the claimant has a severe impairment as defined in 20 C.F.R. §§ 404.1521(b), 416.921.... If there is no severe impairment, the Secretary will find the claimant not disabled. [Third, i]f there is a severe impairment, the Secretary then measures the impairment against the requirements in the Listing of Impairments. If the claimant has a listed impairment, disability will be found. [Fourth, i]f the claimant does not have a listed impairment, the Secretary then determines whether the claimant can perform his past work. If yes, then there is no disability. [Fifth, i]f no, the Secretary considers the claimant's age, work history, and education to find out whether he can do other work. If he cannot perform other work, disability will be found. If, however, other work is available, the claimant will be found not disabled.

*Stuckey v. Sullivan*, 881 F.2d 506, 508 (7th Cir.1989). However, for purposes of determining WI benefits, it had been the Secretary's practice to consider only medical evidence (step 3). Thus, the Secretary did not consider Ms. Wilson's residual functional capacity for substantial gainful activity (steps 4 & 5).

Applying the three-step procedure in this case, the ALJ determined that:

1. The claimant was born on June 7, 1929.

2. Ms. Wilson is the widow of the wage earner, who died fully insured on July 25, 1973, and she is not married.

3. Until September, 1983, the claimant received Mother's Benefits on the account of the wage earner.

4. The period during which Ms. Wilson must establish that she is under a disability extends through September 30, 1990.

5. The medical findings shown in the medical evidence of record establish the existence of chronic obstructive pulmonary disease; diabetes mellitus, with mild peripheral neuropathy and retinopathy; hypertension, controlled; osteoarthritis of the left hand and both knees; right convex kypho-scoliosis; and exogenous obesity.

6. The medical evidence of record does not establish that Ms. Wilson's impairments have specific clinical findings that are the same as those for any impairment in the Listing of Impairments in Appendix 1 (20 CFR 404.1525).

7. The medical evidence of record does not establish that Ms. Wilson has any impairment or combination of impairments which is medically equivalent to an impairment listed in Appendix 1 (20 CFR 404.1526).

8. Ms. Wilson was not under a "disability," as defined in the Act, at any time through the date of this decision (20 CFR 404.1578).

In so finding, the Secretary (through his designate, the ALJ) renders Ms. Wilson ineligible to receive benefits under the Act.

Social Security Ruling 91–3p and *Marcus v. Sullivan*, 926 F.2d 604 (7th Cir.1991) make it unnecessary for this court to reach any issues in this case except the use of a three-step rather than a five-step disability determination inquiry by the Secretary. The *Marcus* court held:

> The Secretary can, and indeed must, exclude a consideration of the vocational factors of age, education and work experience when determining a spouse's disability so as to honor the difference in the statutory definitions of disability for spouses and wage earners. What the Secretary cannot do is deny benefits to an individual spouse simply because his impairment would not "typically" disable a person. This use of the Listing was not one contemplated by Congress nor supported by the language of the Act. Section 423(d)(2)(B) requires a determination that a claimant cannot engage in "any gainful activity," and the Secretary must consider the claimant's functional impairments to make that determination.

*Marcus*, 926 F.2d at 612.

Subsequent to the Seventh Circuit's decision in *Marcus*, the Social Security Administration issued SSR 91–3p. The Ruling noted that under Section 5103 of the Omnibus Budget Reconciliation Act of 1990

(OBRA), the five-step sequential process will be used to qualify claimants for spouses' benefits in claims filed after January 1991. However, the administration recognized that seven United States Courts of Appeals,[2] including the Seventh Circuit in *Marcus*, have invalidated the pre–1991 process (i.e., only applying a three-step sequential process to claims for spouses' benefits). The administration stated:

> In response to this clear trend in the courts, this Ruling is being issued to provide a uniform national interpretation of the regulations for determining entitlement to widow's benefits payable for the months prior to January 1991 ... Under this ruling, residual functional capacity assessments will be used in determining whether a widow is disabled in a manner similar to the manner in which residual functional capacity assessments are used in determining whether other adult claimants, including widows under the OBRA standard, are disabled.

SSR 91–3p (1991).

This Ruling establishes that a claimant of spousal benefits is entitled to a determination that considers the claimant's residual functional capacity. Because the Secretary only assessed the medical evidence to determine whether Ms. Wilson met one of the listed impairments and did not consider Ms. Wilson's residual functional capacity for substantial gainful employment, the mandate of the *Marcus* court was not fulfilled. As Ms. Wilson was in the process of appealing her claim at the time of the *Marcus* decision, she belongs to the class of people affected by this decision. See *Marcus*, 926 F.2d at 613.

### III.

This case is thus REMANDED with orders that the Secretary consider Ms. Wilson's residual functional capacity for substantial gainful activity (Steps 4 & 5). SO ORDERED.

---

**2.** *See Cassas v. Sec'y of Health and Human Services,* 893 F.2d 454 (1st Cir.1990), *Kier v. Sullivan,* 888 F.2d 244 (2nd Cir.1989), *Finkelstein v. Sullivan,* 924 F.2d 483 (3rd Cir.1991), *Bennett v. Sullivan,* 917 F.2d 157 (4th Cir.1990), *Marcus v. Sullivan,* 926 F.2d 604 (7th Cir.1991), *Ruff v. Sullivan,* 907 F.2d 915 (9th Cir.1990), *Davidson v. Sec'y of Health and Human Services,* 912 F.2d 1246 (10th Cir.1990).