82 F.3d 423
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leah LEEN, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 94-17118.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 14, 1996.[1]
Decided April 9, 1996.
 
 1
 Before: HALL and BRUNETTI Circuit Judges, and WEINER,[2] Senior District Judge.
 
 MEMORANDUM[3]
 
 2
 Leah Leen appeals from the denial of supplemental security income by an ALJ, whose decision was upheld by the Social Security Administration's (SSA) Appeals Council and by the district court. She argues that the ALJ applied an erroneous legal standard to her application and failed to account for all the evidence in favor of her application. It is undisputed that Leen suffers from Charcot-Marie-Tooth disease, a congenital disorder which causes her substantial discomfort in her feet and back. As we find no error in the ALJ's decision to deny her benefits, we affirm.
 
 
 3
 The law defines disability as the inability to perform any substantial gainful activity by reason of a severe, long-term, medically recognized impairment. See 42 U.S.C. §§ 423, 1382; 20 C.F.R. § 404.1505 (basic definition). An ALJ follows a five-step sequential process for determining whether an applicant is legally disabled. 20 C.F.R. §§ 405.1520, 404.1529(d) (1995). First, the ALJ determines whether the applicant is presently working. If so, the applicant is not eligible for SSI benefits. Second, the ALJ determines whether the claimant's medical condition is "severe". If it is not, again benefits must be denied. Third, the ALJ consults the SSA's table of "listed impairments". 20 C.F.R., Part 404, Subpart P, App. 1. Listed impairments are deemed disabling as a matter of law. If a claimant is found to have a listed impairment, the inquiry ends and benefits are granted. Bowen v. Yuckert, 482 U.S. 137, 141 (1986). If the applicant's impairments are not listed, the ALJ proceeds to the fourth and fifth steps, to determine whether the applicant could still perform her previous work or any other work in the economy. Id. at 141-42. If the impairment precludes any employment whatever, the application is granted. Leen contends the ALJ erred at the third stage of the process, when he failed to find that her impairments met or were equivalent to a listed impairment. She argues that she is disabled per se under the SSA's regulations.
 
 
 4
 The "Listing of Impairments" describes medical conditions which the SSA considers "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 404.1525(a); see also, Sullivan v. Zebley, 493 U.S. 521, 532-33 (1990) (regulation establishes a stricter standard for per se disability than is required for mere statutory eligibility). To be considered a listed impairment, it is not enough that the applicant's diagnosis correspond to one listed in the table. The impairment "must also have the [medical] findings [of diagnosis] shown in the Listing of that impairment." 20 C.F.R. § 1525(e), (d). This means that the ALJ must find that the impairment corresponds in diagnosis, severity and duration to a listed impairment. Young v. Sullivan, 911 F.2d 180, 184 (9th Cir.1990).
 
 
 5
 An applicant whose precise diagnosis is not described in the SSA's table may nevertheless be considered disabled per se if his or her condition is deemed "equivalent" to a listed impairment. Under the applicable regulation, an impairment is equivalent if
 
 
 6
 the medical findings are at least equal in severity and duration to the listed findings. [SSA] will compare the symptoms, signs, and laboratory findings about [one's] impairment(s), as shown in the medical evidence [SSA has] about [one's] claim, with the medical criteria shown with the listed impairment. If [the] impairment is not listed, [SSA] will consider the listed impairment most like [it] to decide whether [the] impairment is medically equal.
 
 
 7
 20 C.F.R. § 416.926. Leen argues that her impairment meets or is equivalent to those listed in the Appendix at section 1.09:
 
 
 8
 Amputation or anatomical deformity of (i.e., loss of major function due to degenerative changes associated with vascular or neurological deficits, traumatic loss of muscle mass or tendons and X-ray evidence of bony ankylosis at an unfavorable angle, joint subluxation or instability):
 
 A. Both hands; or
 B. Both feet; or
 
 9
 C. One hand and one foot.
 
 
 10
 20 C.F.R. Part 404, Subpart P, App. 1, § 1.09. The parties and the tribunals below agree that the conditions described in section 1.09 come closest to Leen's of any in the listing.
 
 
 11
 The district court found that the ALJ was supported by substantial evidence when he determined that Leen's condition was not equivalent to the impairment listed in section 1.09. A thorough review of the record indicates Leen suffers from a congenital foot problem which causes her pain and swelling from excessive walking or standing. However, there was no evidence that she suffered from a "loss of major function due to degenerative changes associated with vascular or neurological deficits" or "traumatic loss of muscle mass or tendons". To inquire into the medical equivalence of an unlisted impairment and its closest listed analogue, the ALJ must first compare their "symptoms, signs, and laboratory findings" for equivalent severity and duration. See 20 C.F.R. § 416.926; Young, 911 F.2d at 184. Further, we have held in the context of a claim for disability benefits by a surviving spouse that "residual functioning capacity must be considered in determining whether a disabling physical or mental condition is the medical equivalent of a listed impairment." Ruff v. Sullivan, 907 F.2d 915, 919 (9th Cir.1990). Leen argues that the ALJ misapplied the law of equivalence. We cannot agree.
 
 
 12
 Leen argues the ALJ improperly decided the issue of equivalency by focusing upon her residual functional capacity. She principally contends that an applicant should not be required to prove herself unable to perform any gainful activity, to be considered disabled per se. She observes that claimants who fall within the definition of section 1.09 (and many other listed impairments), can work at some jobs. Thus, she concludes, a claimant need not be totally precluded from engaging in gainful activity to be considered disabled per se due to an equivalent impairment.
 
 
 13
 We need not reach Leen's argument. The ALJ seems to have applied a standard like the one Leen advocates. It was the Appeals Council that stated the stricter standard, but as we review de novo the law as applied by the ALJ, any error committed by the Council is rendered harmless. Cf. Yepes-Prado v. INS, 10 F.3d 1363, 1366 (9th Cir.1993) (de novo review of one body cures any error made at another administrative level). The record is clear that the ALJ was supported by substantial evidence when he determined that Leen's impairment was less severe than the one described in section 1.09. Amputees, and those who have "lost the major function" of their feet, i.e. the ability to stand and walk, are plainly in a different position than one like Leen, who can and does walk and stand. The ALJ was supported by substantial evidence when he determined that Leen can walk and stand for one and one half hours, albeit she cannot walk and stand for eight hours continuously. Leen testified at the ALJ's hearing that her main problem was standing, which causes cramping and back pain. But she admitted she is capable, with some difficulty, of driving a car, caring for her three young children, shopping and housework. Given these abilities, Leen's impairment is clearly not as severe as that described in section 1.09. Since she does not suffer from an impairment equivalent to the listed impairments, there was no error when the ALJ determined that she was not disabled per se. This evidence of record also supports the ALJ's conclusion that she is capable of performing a full range of sedentary activities.
 
 
 14
 As the ALJ's decision to deny Leen SSI benefits was supported by substantial evidence, we affirm the order of the district court upholding the decisions of the ALJ and the Appeals Council.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 [2]
 Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 [3]
 This dispostion is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3