125 F.3d 858
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gail LORGE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 96-16399.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997.*
Decided Sept. 24, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-95-00521-SI; Susan Yvonne Illston, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gall Lorge appeals pro se the district court's summary judgment affirming the denial by the Secretary of Health and Human Services ("Secretary") of Lorge's application for widow's insurance benefits on the basis of disability under Title II of the Social Security Act, 42 U.S.C. § 402(e) and 423(a)(1)(D) (1996).
 
 
 3
 We have jurisdiction under 28 U.S.C. § 1291. We review de novo the grant of summary judgment and will uphold the Secretary's denial of benefits if it is based upon the proper legal standards, and supported by substantial evidence in the record as a whole. See Clem v. Sullivan, 894 F.2d 328, 330 (9th Cir.1990). We affirm.
 
 
 4
 The district court did not err by determining that the Secretary's denial of benefits to Lorge was supported by substantial evidence. See 20 C.F.R. § 404.1577 (1992); Ruff v. Sullivan, 907 F.2d 915, 916 (9th Cir.1990). A review of the whole record shows that under the proper legal standards, substantial evidence exists that Lorge was not disabled during the relevant period. See 42 U.S.C. §§ 402(e), 423(d)(1)(A) (1996); 20 C.F.R. § 404.1577; see also Ruff, 907 F.2d at 916; Clem, 894 F.2d at 330.
 
 
 5
 The district court did not abuse its discretion by refusing to remand to the Secretary on the basis of new evidence, because Lorge failed to demonstrate that the evidence was material, and that she had good cause for failing to incorporate the evidence into the record in the prior proceeding. See 42 U.S.C. § 405(g) (1996); Clem, 894 F.2d at 332.[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, we deny Lorge's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We have considered Lorge's remaining contentions, and conclude they are without merit